## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ERNEST JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-00019-ACL |
| | ) |
| JOSHUA WATSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Joshua Watson's motion to dismiss. For the following reasons, the Court will stay and administratively close this action pursuant to *Wallace v. Kato*, 512 U.S. 549 U.S. 384 (2007). The case may be reopened after final disposition of plaintiff's underlying state criminal proceedings in *State v. Jones*, No. 22DU-CR01321-01 (Dunklin Cty. Cir. Ct. filed Sept. 22, 2022). The motion to dismiss will be denied without prejudice to refiling upon the reopening of the case.

### Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Joshua Watson of the Kennett Police Department in Kennett, Missouri. Plaintiff alleges that on September 22, 2022, defendant entered plaintiff's hotel room and arrested him without a warrant. Plaintiff alleged defendant violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. For relief, he seeks $10,000 for the alleged violation of his constitutional rights.

On October 25, 2022, plaintiff was charged with felony possession of a controlled substance in the Circuit Court of Dunklin County. These charges arise out of the search and seizure at the hotel room on September 22, 2022. *See* Information, ECF No. 4-2; *State v. Jones*, No. 22DU-CR01321-01 (Dunklin Cty. Cir. Ct.).

## Discussion

Plaintiff filed this action in Missouri state court, alleging constitutional violations arising out of defendant's warrantless arrest of plaintiff. Defendant removed the case to this Court and immediately filed a motion to dismiss. In the motion, defendant argues that the Court should abstain from exercising jurisdiction under *Younger v. Harris* because the federal suit would

2

interfere with plaintiff's pending state criminal charges. Alternatively, defendant argues dismissal is appropriate because under *Heck v. Humphrey* because there has been no favorable outcome in plaintiff's state criminal proceedings. Instead of dismissing this action, however, the Court will stay and administratively close this § 1983 action while the underlying criminal prosecution is pending. Plaintiff may reopen this case after the final disposition of his underlying criminal case, *State v. Jones*, No. 22DU-CR01321-01 (Dunklin Cty. Cir. Ct). The motion to dismiss will be denied without prejudice to refiling if this case is reopened.

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's underlying criminal case is pending before the Dunklin County Circuit Court. It is scheduled for a hearing on February 16, 2023. *See State v. Jones*, No. 22DU-CR01321-01 (Dunklin Cty. Cir. Ct.). Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to these criminal charges. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles of *Wallace*

3

*v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Jones*, No. 22DU-CR01321-01, in the Circuit Court for Dunklin County, State of Missouri.

**IT IS FURTHER ORDERED** that plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Jones*, No. 22DU-CR01321-01, within thirty (30) days after final disposition of the charges is made.

**IT IS FURTHER ORDERED** that this case is administratively closed pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **DENIED without prejudice** to refiling upon the reopening of this case. [ECF No. 3]

Dated this 16th day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE